UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. MCCURDY,<br>Plaintiff,<br>v.<br>M. RIVERO, et al.,<br>Defendants. | Case No. 17-01043 BLF (PR)<br><br>**ORDER SETTING BRIEFING SCHEDULE; SEVERING CLAIM AGAINST DEFENDANT THOMAS AND DIRECTING CLERK TO OPEN IN A NEW ACTION; DENYING MOTION FOR APPOINTMENT OF COUNSEL; INSTRUCTIONS TO CLERK**<br><br>(Docket No. 105) |

Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison officials at various institutions. The Court found the amended complaint, (Docket No. 11), stated cognizable claims under the Eighth Amendment, and ordered Defendants to file a motion for summary judgment or other dispositive motion. (Docket No. 13.) SQSP Defendants Alvarez, Deal, Devers, Leighton, Pratt, Tootell, and Wu, along with PBSP Defendants Jacobsen, McLean, and Thomas, filed a motion to dismiss and motion for summary judgment; Defendants Lee and Rivero filed notice of joinder to the motion. (Docket Nos. 67 & 80.) The Court granted in part the motion for summary judgment based on failure to exhaust administrative remedies and found the only exhausted claims were the following: (1) claim against Defendant Deal at SQSP for discontinuing his Tramadol medication; and (2) claim against Defendant

Thomas at PBSP for improperly discontinuing his pain, cramping, diarrhea, and indigestion medications. (Docket No. 104 at 15, 18, 29.) All the other claims against Defendants were dismissed for failure to exhaust administrative remedies. (*Id.*) The Court also granted Defendants' motion to dismiss for improper joinder of claims and parties and directed Plaintiff to file notice which of the two exhausted claims he wished to pursue. (*Id.*)

Plaintiff has filed notice that he wishes to proceed with the claim against Defendant Deal for discontinuing his Tramadol medication and have the claim against Defendant Thomas severed and opened as a separate action. (Docket No. 106.) Accordingly, the Court orders briefing to proceed on the claim against Defendant Deal in this action. The claim against Defendant Thomas shall be severed and opened as a separate action.

Plaintiff also filed a motion for appointment of counsel on the grounds that he issues involved are complex, he has limited access to the law library, and he has limited knowledge of the law. (Docket No. 105.) The motion is DENIED without prejudice for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This denial is without prejudice to the Court's sua sponte appointment of counsel at a future date should the circumstances of this case warrant such appointment.

**CONCLUSION**

For the reasons state above, the Court orders as follows:

1.  The only remaining Defendant in this action is Defendant Dr. Deal. The Clerk of the Court shall terminate all other Defendants from this action.

2.  In accordance with Plaintiff's wishes, the Clerk shall use a copy of the amended complaint, (Docket No. 11), to open a separate action against Defendant Thomas

2

for improperly discontinuing Plaintiff's pain, cramping, diarrhea, and indigestion medications. The Clerk shall file a copy of this order in that action, send Plaintiff a notice regarding payment of the filing fee, and the court's *In Forma Pauperis* Application.

3. Plaintiff's motion for appointment of counsel, (Docket No. 105), is DENIED.

4. No later than **fifty-six (56) days** from the date this order is filed, Defendant Deal shall file a motion for summary judgment or other dispositive motion with respect to the remaining exhausted claim against him.

    a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b. **In the event Defendant files a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

5. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **twenty-eight (28) days** from the date Defendant's motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See*

3

*Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

6. Defendant *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

8. All communications by the Plaintiff with the Court must be served on Defendant, or Defendant's counsel once counsel has been designated, by mailing a true copy of the document to Defendant or Defendant's counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

10. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

11. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

This order terminates Docket No. 105.

**IT IS SO ORDERED**

Dated: October 9, 2018

BETH LABSON FREEMAN
United States District Judge

Order Setting Brief. Sched.; Severing Claim; Deny Appt. of Counsel
PRO-SE\BLF\CR.17\01043McCurdy_svc3

4