United States District Court
Northern District of California

1

2

3

4

5

6

7

8          UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10

11   JAMES C. MCCURDY,                         Case No. 17-01043 BLF (PR)

              Plaintiff,                        **ORDER GRANTING PLAINTIFF'S**
12                                              **MOTION TO EXTEND TIME TO FILE**
                                                **REPLY TO MOTION FOR LEAVE TO**
13        v.                                    **FILE RECONSIDERATION MOTION;**
                                                **DENYING MOTION FOR**
14   B. DEAL,                                   **APPOINTMENT OF COUNSEL**

15             Defendant.

16                                              (Docket Nos. 109, 114)

17

18          Plaintiff, a state prisoner proceeding *pro se*, filed an amended civil rights complaint

19   pursuant to 42 U.S.C. § 1983. (Docket No. 11.) On July 7, 2017, the Court found the

20   amended complaint contained cognizable claims under the Eighth Amendment. (Docket

21   No. 13.) On November 15, 2017, Plaintiff filed a motion for leave to file a second

22   amended complaint ("SAC"). (Docket No. 55.) On January 25, 2018, the Court denied

23   Plaintiff's motion for leave to file a SAC, and granted Plaintiff leave to file a supplemental

24   complaint. (Docket No. 69.) On July 24, 2018, Plaintiff filed a supplemental complaint.

25   (Docket No. 97.) Defendants filed a motion for summary judgment, (Docket No. 67),

26   which the Court granted in part on September 10, 2018. (Docket No. 107.)

27          Plaintiff has filed motions requesting leave to file a motion for reconsideration.

28   (Docket Nos. 108, 110.) The only remaining Defendant filed an opposition. (Docket No.

111.)  Plaintiff has filed a motion requesting an extension of time to file a reply to Defendant's opposition.  (Docket No. 114.)  Having shown good cause, Plaintiff's motion, (Docket No. 108), is granted in part.  Plaintiff shall file a reply **no later than fourteen (14) days** from the filing date of this order.

Plaintiff has also requested the Court appoint counsel to represent him.  (Docket No. 109.)  There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc).  The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).  Accordingly, Plaintiff's motion for appointment of counsel, (Docket No. 109), is **DENIED** without prejudice for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525 (9th Cir. 1997); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

This order terminates Docket Nos. 109 and 114.

**IT IS SO ORDERED**

Dated:   December 10, 2018

BETH LABSON FREEMAN
United States District Judge

Order Granting Plaintiff's Motion to Extend Time to File Reply; Deny Mot. for Appointment of Counsel
PRO-SE\BLF\CR.17\01043McCurdy_eot-recon-reply

2