1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11   JAMES MCCURDY,                        Case No. 17-01043 BLF (PR)
                    Plaintiff,
12                                         **ORDER DENYING MOTION FOR
          v.                               LEAVE TO FILE MOTION FOR
13                                         RECONSIDERATION**

14   M. RIVERO, et al.,

15                  Defendants.

16                                         (Docket No. 108, 110)

17

18        Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42

19   U.S.C. § 1983 against officials at San Quentin State Prison ("SQSP") and Pelican Bay

20   State Prison ("PBSP").  The Court granted Defendants' motion for summary judgment and

21   motion to dismiss, concluding Plaintiff had only exhausted two claims and that he could

22   only proceed with one of them.  (Docket No. 104.)  After Plaintiff filed notice that he

23   wished to proceed on the claim against Defendant Deal, the Court ordered briefing on the

24   matter.  (Docket No. 107.)  Plaintiff has filed a motion for leave to file a motion for

25   reconsideration under Civil Local Rule 7-9.  (Docket Nos. 108, 110.)  Defendant filed an

26   opposition, (Docket No. 111), and Plaintiff filed a reply, (Docket No. 116).

27        Where the court's ruling has not resulted in a final judgment or order,

28   reconsideration of the ruling may be sought under Rule 54(b) of the Federal Rules of Civil

Procedure, which provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment. *See* Fed. R. Civ. P. 54(b).[1] In the Northern District of California, no motion for reconsideration may be brought without leave of court. *See* Civil L.R. 7-9(a). Under Civil Local Rule 7-9, the moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* Civil L.R. 7-9(b).

Plaintiff has set forth no basis for the Court to grant leave to file a motion for reconsideration under Local Rule 7-9. (Docket No. 111 at 2.) Plaintiff asserts that there are other defendants that were involved during the exhaustion of his claim against Defendant Deal who should be included in this action, and that the Court should also afford him an opportunity to file a second amended complaint. (Docket No. 110 at 2-3.) However, Plaintiff has failed to show that there has been a material difference in fact or law from that which was presented to the Court before it granted Defendants' summary judgment which in the exercise of reasonable diligence he did not know when opposing Defendants' motion. Plaintiff asserts in reply that he has identified "plenty of newly discovered evidence and material fact." (Reply at 2.) However, this newly discovered evidence could have been discovered sooner in the exercise of reasonable diligence and

---

[1] "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

argued in his opposition.  (*Id.* at 3-6.)  Nor does Plaintiff argue the emergence of new material facts or a change of law that occurred *after* the court order.  Lastly, there was no manifest failure by the Court to consider material facts which were presented before the court order.  *See* Civil L.R. 7-9(b).  Accordingly, the motion for leave to file a motion for reconsideration is **DENIED**.

This order terminates Docket Nos. 108 and 110.

**IT IS SO ORDERED.**

**Dated:** February 5, 2019

BETH LABSON FREEMAN
United States District Judge

Order Denying Recon.
PRO-SE\BLF\CR.17\01043McCurdy_recon