UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES MCCURDY,

    Plaintiff,

v.

M. RIVERO, et al.,

    Defendants.

Case No. 17-01043 BLF (PR)

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT; DENYING MOTION TO STRIKE APPEAL AS UNNECESSARY**

(Docket Nos. 147, 151)

    Plaintiff, a California inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison officials at various institutions, including Defendant Dr. B. Deal at San Quentin State Prison ("SQSP"). On September 10, 2019, the Court granted Defendant's motion for summary judgment and dismissed Plaintiff's Eighth Amendment deliberate indifference claim; judgment was entered the following day. (Docket Nos. 145, 146.) Plaintiff has filed a motion to alter or amend judgment, which the Court construes as a motion for reconsideration. (Docket No. 147.)

    Where the court's ruling has resulted in a final judgment or order (e.g., after dismissal or summary judgment motion), a motion for reconsideration may be based either on Rule 59(e) (motion to alter or amend judgment) or Rule 60(b) (motion for relief from judgment) of the Federal Rules of Civil Procedure. *See Am. Ironworks & Erectors v. N.*

*Am. Constr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001). A motion for reconsideration under Rule 59(e) "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (citation omitted) (en banc). The denial of a motion for reconsideration under Rule 59(e) is construed as a denial of relief under Rule 60(b). *Id.* at 1255 n.3 (9th Cir. 1999) (citation omitted) (en banc). Rule 59(e) is used for a substantive change of mind by the court while Rule 60(a) should be used when the court has made an error in execution that requires the judgment to be corrected to implement the intended purpose. *Tattersalls, Ltd., v. DeHaven*, 745 F.3d 1294, 1299 (9th Cir. 2014).

Motions for reconsideration should not be frequently made or freely granted; they are not a substitute for appeal or a means of attacking some perceived error of the court. *See Twentieth Century - Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981). "'[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (quoting *United States v. Desert Gold Mining Co.*, 433 F.2d 713, 715 (9th Cir. 1970)).

Plaintiff asserts the following grounds for reconsideration under Rule 59(e): (1) the Court never ruled on his motion for reconsideration; (2) the Court incorrectly divided the case into two separate matters when the claims against him arose out of a series of transactions under Rule 20(a); (3) Plaintiff never asserted in his amended complaint or his 602 that Defendant Deal was solely responsible for discontinuing his tramadol medication; and (4) the Court never granted his motions for counsel despite exceptional circumstances. (Docket No. 147 at 2.)

With respect to the first grounds, the Court ruled on Plaintiff's motion for leave to file a motion for reconsideration on February 5, 2019. (Docket No. 119.) The docket

2

indicates that a copy of this order that was sent to Plaintiff was returned as undeliverable on March 4, 2019, with the indication that "inmate refused." (Docket No. 121.) Plaintiff shall be provided with a copy of that February 5, 2019 order along with a copy of this order. Accordingly, Plaintiff is simply mistaken in believing that the Court never ruled on his motion for reconsideration, and this grounds is without merit.

Secondly, the Court did not err in separating the matter into two separate claims because Defendants did not work at the same institution: Defendant Deal was at San Quentin State Prison ("SQSP"), and Defendant Thomas was at Pelican Bay State Prison ("PBSP"). (Docket No. 107 at 1-2.) Accordingly, Plaintiff's assertion that the claims against these Defendants arose out of the same series of transactions under Federal Rule of Civil Procedure Rule 20(a) is not convincing, where the acts occurred at separate institutions and at different times; Defendant Dr. Deal allegedly tapered Plaintiff off tramadol in June 2014, and Defendant Thomas allegedly discontinued his medications after Plaintiff arrived at PBSP in April 2016. Accordingly, this second grounds is no basis for granting reconsideration.

With regards to the third grounds set forth, it also fails to establish clear error by the Court. In granting Defendants' first summary judgment motion based on exhaustion, the Court found that Plaintiff had only exhausted two claims: a claim against Defendant Deal at SQSP, and a claim against Defendant Thomas at PBSP. (Docket No. 104 at 15-16, 21-22.) Accordingly, the claims against all the other named SQSP Defendants, Alvarez, Devers, Lee, Leighton, Pratt, Rivero, Tootell, and Wu, were properly dismissed for failure to exhaust administrative remedies. (*Id.* at 13-14.) Even if there were other medical staff involved in Plaintiff's pain management, Plaintiff could not pursue those claims because of his failure to exhaust. There was no error by the Court in this regard.

Lastly, with respect to the appointment of counsel, the Court did not err in denying the motion for lack of exceptional circumstances. Plaintiff's reasons for appointment of counsel included the following: the issues in the case are complex, he has limited access to

3

the library and legal resources, he has limited knowledge of the law, and because he has serious medical and mental health issues. (Docket Nos. 9, 59, 105, 109.) Plaintiff was repeatedly advised that there is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984).

The circumstances described by Plaintiff are not "exceptional" as they are like those faced by other prisoner litigants, and the claims presented were not especially complex. With respect to Plaintiff's assertion of serious medical and mental health issues, generally, a plaintiff that shows at least some ability to articulate his claims is not entitled to appointment of counsel, regardless of whether he has mental and physical health problems or is incarcerated. *See, e.g., Warren v. Harrison*, 244 Fed. Appx. 831, 832 (9th Cir. 2007) (holding that an inmate plaintiff who had alleged mental illness did not qualify for appointment of counsel because he competently presented his claims and attached three pertinent exhibits); *Miller v. McDaniel*, 124 Fed. Appx. 488, 490 (9th Cir. 2005) (holding that an inmate plaintiff with mental health problems was not entitled to appointment of counsel because he demonstrated an ability to articulate his claims *pro se*); *Palmer v. Valdez,* 560 F.3d 965, 970 (2009) (holding that an inmate plaintiff who was suffering pain from a surgery and had limited access to legal documents did not require appointment of counsel because he did a good job presenting his case, was well organized, made clear points, and presented evidence effectively). Despite Plaintiff's mental health issues, he consistently showed an ability to articulate his claims and diligently pursue this action. Accordingly, the Court did not err in denying Plaintiff's motions for appointment of

4

counsel for lack of exceptional circumstances.

Based on the foregoing, the Court finds no basis for granting this motion for reconsideration where Plaintiff has failed to show an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *See Hodel*, 882 F.2d at 369 n.5. Accordingly, the motion for reconsideration is **DENIED**. (Docket No. 147.)

Plaintiff filed a motion to strike his notice of appeal, (Docket No. 149), and an extension of thirty days to refile it because it was prematurely filed. (Docket No. 151.) The Court notes that the Ninth Circuit issued an order finding that Plaintiff's notice of appeal is ineffective until entry of the order disposing of Plaintiff's motion for reconsideration by the Court. (Docket No. 152.) The Ninth Circuit ordered the matter held in abeyance pending this Court's resolution of Plaintiff's motion and instructed Plaintiff to file an amended notice of appeal "within the time prescribed by Federal Rule of Appellate Procedure 4." (*Id.*) This order disposes of Plaintiff's motion. Accordingly, Plaintiff is directed to proceed on appeal in accordance with the Ninth Circuit's order. His motion to strike the appeal is **DENIED** as unnecessary.

The Clerk of the Court shall send a copy of this order to the Ninth Circuit. The Clerk shall enclose a copy of the Court's February 5, 2019 order, (Docket No. 119), with a copy of this order to Plaintiff.

This order terminates Docket Nos. 147 and 151.

**IT IS SO ORDERED.**

**Dated: _October 31, 2019_**

BETH LABSON FREEMAN
United States District Judge

Order Denying Recon; Denying Other Motion
PRO-SE\BLF\CR.17\01043McCurdy_deny-recon

5